**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

KIMBERLY M. GARDNER,                )
                                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )       Case No. 4:20-cv-00060-JAR
                                    )
CHARLES A. LANE, et al.,            )
                                    )
                                    )
        Defendants.                 )

<u>**DEFENDANT CHARLES A. LANE'S ANSWER AND COUNTERCLAIMS**</u>

COMES NOW Defendant Charles A. Lane ("Lane") and states the following for his Answer to the Complaint and his Counterclaims with respect thereto:

1.      Denied as to the first sentence, and no answer is given as to the second sentence because it contains only legal conclusions. To the extent a response is deemed to be required, Lane denies same.

2.      This paragraph contains only legal conclusions to which no response is required. To the extent a response is deemed to be required, Lane denies same.

3.      This paragraph contains only legal conclusions to which no response is required. To the extent a response is deemed to be required, Lane denies same.

4.      This paragraph contains only legal conclusions to which no response is required. To the extent a response is deemed to be required, Lane denies same.

5.      Denied on the basis of lack of sufficient information and knowledge.

6.      Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same.

7.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

8.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

9.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same.

10.    This paragraph contains only legal conclusions to which no response is required. To the extent a response is deemed to be required, Lane denies same.

11.    Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same.

12.    Admit all the allegations in this paragraph except its last sentence, which allegations are denied on the basis of lack of sufficient information and knowledge.

13.    Admit.

14.    Denied on the basis of lack of sufficient information or knowledge.

15.    Denied on the basis of lack of sufficient information or knowledge.

16.    Denied on the basis of lack of sufficient information or knowledge.

17.    Denied on the basis of lack of sufficient information or knowledge.

18.    Denied on the basis of lack of sufficient information or knowledge.

19.     Admit the allegations in the first sentence but deny the allegations in the second sentence.

20.     Denied as to the allegations in the first sentence but admit the allegations in the second sentence.

21.     Admit.

22.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

23.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

24.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

25.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

26.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

27.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

28.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

29.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same.

30.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

31.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

32.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

33.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

34.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

35.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

36.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

37.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

38.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

39.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is

deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

40.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

41.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

42.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

43.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

44.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

45.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

46.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

47.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

48.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

49.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

50.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is

deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

51.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

52.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

53.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

54.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

55.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

56.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

57.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

58.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

59.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

60.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

61.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is

deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

62. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

63. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

64. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

65. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

66. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

67.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is deemed to be required, Lane states that whether Gardner "hired" William Don Tisaby is a legal conclusion to which no response is required; Lane denies the remainder of the allegations of this paragraph on the basis of lack of sufficient information and knowledge.

68.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

69.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

70     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

71.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

72.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is

deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

73.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

74.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

75.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

76.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

77.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

78.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

79.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

80.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

81.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

82.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

83.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed.  To the extent a response is

deemed to be required, Lane states that this paragraph consists entirely of legal conclusions to which no response is required.

83. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

84. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

85. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

86. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

87. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

88. Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

89.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

90.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

91.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

92.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

93.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

94.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is

deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

95.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

96.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

97.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

98.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

99.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

100.    Defendant Lane admits that he filed a taxpayer lawsuit against Gardner.  He specifically denies: that its purpose was to prevent her from "performing" on any contract. Defendant Lane further admits that he lived down the street from Edward Dowd when they were both younger and that to the best of his recollection, he donated to Hammacher's campaign. Lane denies that he is working with the City Counselor's Office in a separate lawsuit.  Defendant Lane admits that he has been deposed, including in the referenced taxpayer lawsuit, but denies that he "admitted" anything in the deposition in that case; rather he testified in that deposition about what facts set forth in the verified motion he knew on the basis of personal knowledge and those facts he did not so know.  Defendant Lane denies the allegations set forth in the last sentence of ¶ 100 because he lacks sufficient information or knowledge as to their correctness.

101.    Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

102.    Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

103.    Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

104.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

105.     Pursuant to Rule 12(f), this paragraph consists exclusively of impertinent and immaterial allegations as to which a separate motion has been filed. To the extent a response is deemed to be required, Lane denies same on the basis of lack of sufficient information and knowledge.

## Count I

106.     Defendant Lane incorporates by reference ¶¶ 1 through 105, above.

107.     Denied on the basis of lack of sufficient information or knowledge.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

## Counts II and III

112-122        Defendant Lane does not respond to any allegation in ¶¶ 112 through 122 because the two counts those paragraphs comprise do not contain a claim seeking any relief from him. To the extent a response to any allegation contained in those paragraphs is deemed to be required, Lane denies same.

**Affirmative Defenses**

COMES NOW Defendant/Counterclaimant Charles Lane and, for his affirmative

defenses to Plaintiff/Counterclaim Defendant Kimberly Gardner' complaint, states:

A.      On information and belief, Plaintiff Gardner, in engaging the attorneys of record

representing her in this matter, has not complied with various Missouri laws, including but not

limited to the following enumerated statutes, and as such the engagement of her attorneys is

illegal and void ab initio, and Plaintiff Gardner accordingly lacks the authority to file and

prosecute the complaint: Sections 50.660 RSMo. (contract not made in the name of the City of

St. Louis, in its capacity as a county, or in compliance with contract accounting requirements),

56.540 (attorney appointment and compensation not approved by the St. Louis Board of Estimate

and Apportionment), 432.070 RSMo. (contract not approved in writing by the St. Louis Board of

Aldermen or the St. Louis Board of Estimate and Apportionment), 432.080 RSMo. (contract not

filed with the City of St. Louis);

B.      Plaintiff Gardner's complaint exceeds the authority granted her by Missouri law

as Circuit Attorney of the City of St. Louis and so usurps the authority of the Board of Aldermen

of the City of St. Louis, and as such she lacks the capacity to file and prosecute her complaint;

C.      Plaintiff Gardner's complaint has not been authorized by the Board of Aldermen

of the City of St. Louis and so usurps the authority of the Board of Aldermen of the City of St.

Louis, and as such she lacks the capacity to file and prosecute the complaint;

D.      E.      Because of the deficiencies noted in paragraphs A through D, Plaintiff

Gardner lacks standing to file or prosecute the complaint;

E.      The claims stated in Plaintiff Gardner's Complaint are compulsory counterclaims

to the action filed by Defendant Lane and now pending in the Circuit Court of the City of St.

Louis, State of Missouri, styled <u>Lane v. Gardner</u>, cause # 1922-CC00767, before the Hon. Joan L. Moriarty.

F.      The claims stated in Plaintiff Gardner's Complaint violate Defendant Lane's rights under the First Amendment to Constitution of the United States, including his rights to free speech and access to the courts.

G.      Plaintiff Gardner's complaint otherwise fails to state a claim for which relief may be granted.

WHEREFORE, Defendant Lane requests judgment against Plaintiff, that this Court dismiss him from this action with prejudice, and that it provide him with such other relief as is just.

<b><u>COUNTERCLAIMS</u></b>

COMES NOW Defendant/Counterclaimant Charles Lane and, for his Counterclaims against Plaintiff/Counterclaim Defendant Kimberly Gardner, states:

<b><u>COUNT I</u></b><br><b><u>Abuse of Process</u></b>

1.      Counterclaimant Charles Lane is an individual.  He is the Plaintiff in a certain lawsuit pending in the Circuit Court of the City of St. Louis, State of Missouri, styled <u>Lane v. Gardner</u>, cause # 1922-CC00767, pending in Division 20 of that Court before the Hon. Joan L. Moriarty ("Lane Taxpayer Case").

2.      Plaintiff Gardner herein is the sole Defendant in the Lane Taxpayer Case, and she is sued therein exclusively in her official capacity as the Circuit Attorney for the City of St. Louis; a copy of Defendant Lane's last operative petition in that action is attached hereto as Exhibit A.

20

3.      Plaintiff Gardner has sued Defendant Lane in this case for the improper, collateral purpose of causing Defendant Lane to refrain from pursuing the claims he has asserted in the Lane Taxpayer Case.

4.      As a result of Plaintiff Gardner's pursuit of a threadbare, baseless claim against Defendant Lane in this case, he has suffered injuries in the form of severe anxiety and sleeplessness and incurred significant legal expenses in defending against that wholly unmeritorious claim.

WHEREFORE, Defendant/Counterclaim Plaintiff Lane requests that this Court enter its judgment on his Counterclaim against Plaintiff/Counterclaim Defendant Gardner for an award of his damages described above; and for all other relief as is just.

### Count II
### Violation of 42 U.S.C. § 1983 and § 1988

5.      Defendant Lane incorporates by reference ¶¶ 1 through 4 of his Counterclaims, above.

6.      At all relevant times, Lane possessed the rights guaranteed by the United States Constitution, including but not limited to the First Amendment rights, including his right to access the courts and right to free speech.

7.      On January 13, 2020, Plaintiff Gardner acted intentionally, or in the alternative with deliberate indifference or reckless disregard for Lane's rights in filing the Complaint, as set forth herein.

8.      Defendant Lane filed, and is prosecuting, the Lane Taxpayer Case, pursuant to his right to petition the government for redress of his grievances as afforded by the First Amendment to the United States Constitution.

9.      Plaintiff Gardner's Complaint herein unmistakably reveals that she filed and is prosecuting this action in substantial part in her official capacity as the Circuit Attorney of the City of St. Louis; her Complaint repeatedly alleges that Defendants' supposed unlawful acts interfere with and impair her ability to function in her office in a manner she believes is most appropriate and she requests injunctive relief to restrain Defendants from continuing to commit such acts.  Thus, she has filed and is prosecuting the claims in this lawsuit under color of state law.

10.     In the alternative, to the extent Plaintiff Gardner's Complaint herein is susceptible of an interpretation whereby she is pursuing some claims in her personal capacity, that is, to the extent she seeks monetary damages from Defendants, it appears certain she is acting in her personal and individual capacity.

11.     To the extent Plaintiff Gardner is pursuing claims herein in her individual and personal capacity she is nevertheless acting in lockstep and undeniable complicity with herself in her official capacity.  Therefore, although she may in some sense be a private actor herein, she is so entangled with herself as a state actor that she is undoubtedly acting under color of state law in pursuing claims herein for monetary relief.

12.     Plaintiff Gardner is using the instant lawsuit against Defendant Lane to retaliate against him for bringing and prosecuting the Lane Taxpayer Suit.  The claim she has asserted against Defendant Lane herein is baseless, and she filed and is prosecuting the claim because of her retaliatory animus toward Defendant Lane.

13.     Plaintiff Gardner's prosecution of her claim herein against Defendant Lane chills Defendant Lane's willingness to pursue the Lane Taxpayer Suit and, in fact, a person of ordinary firmness and resolve in a situation comparable to Defendant Lane's would be so-chilled.

14.     As a result of Plaintiff Gardner's claim, Defendant Lane has been deprived of his First Amendment rights under the U.S. Constitution, has suffered anxiety and sleeplessness and has incurred legal costs and fees for his defense of this claim, all in an amount to be determined at trial.  42 U.S.C. § 1983 provides Defendant Lane with a cause of action to obtain judicial redress for Plaintiff Gardner's violations of his civil rights as described in this Court.

15.     Defendant Lane is entitled to an award of his reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. Code § 1988(b).

WHEREFORE, Defendant/Counterclaim Plaintiff Lane requests that this Court enter its judgment on his Counterclaim against Plaintiff/Counterclaim Defendant Gardner for an award of his damages described above; for an award of attorney's fees and litigation expenses pursuant to 42 U.S. Code § 1988(b), and for all other relief as is just.


**BICK & KISTNER, P.C.**

By:/s/ Elkin L. Kistner
   Elkin L. Kistner                    #35287MO
   101 South Hanley Road, Suite 1280
   St. Louis, Missouri 63105
   Telephone:  (314) 571-6823
   Facsimile:  (314) 727-9071
   E-mail: elkinkis@bick-kistner.com
   *Co-Counsel for Defendant/Counterclaimant*
   *Charles A. Lane*

**PAUL MARTIN P.C.**

*/s/ Paul Martin*
Paul Martin           #M34428
101 S. Hanley Road, Suite 1280
St. Louis, Missouri  63105
(314) 805-8800
(314) 727-9071 Fax
paul@paulmartinpc.com
*Co-Counsel for Defendant/Counterclaimant*
*Charles A. Lane*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 5th day of February, 2020, via electronic mail through the Court's electronic filing system to all counsel of record.

Thomas E. Kennedy, III
tkennedy@kennedyhuntlaw.com

Jonathan S. Abady
jabady@ecbalaw.com

Roy L. Austin, Jr.
raustin@hwglaw.com

*Attorneys for Plaintiff/Counterclaim Defendant Gardner*

/s/ Elkin L. Kistner