UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KIMBERLY M. GARDNER, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00060-JAR |
| ) | |
| CHARLES A. LANE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT CHARLES LANE'S MOTION TO STRIKE PURSUANT TO RULE 12(f)**

Plaintiff Kimberly M. Gardner ("Ms. Gardner") filed a complaint initiating this action that reads much like a complicated polemic, and her First Amended Complaint("FAC") makes few in any substantive changes.  Like the original Complaint, the FAC appears to be crafted for an audience other than this Court and the Defendants herein.  Certainly, the FAC is neither a "short" nor a "plain statement of [her] claim[s]"; and the majority of its allegations do not qualify as "simple, concise and direct".  Rule 8(d)(1).[1]

On the contrary, the FAC makes a wide variety of immaterial and impertinent assertions. Illustrative examples include: allegations of a general nature regarding inequality in the St Louis area (e.g.¶¶ 6, 22-30); allegations regarding offensive social media activity of non-parties to this lawsuit (¶¶ 32-41); allegations regarding the death of Michael Brown, which did not occur in the City of St. Louis (¶ 45); and self-praising allegations of "Gardner's bold plan" that read like campaign literature (¶¶ 53-58, 66).

---

[1] The paragraphs in the FAC that are immaterial or impertinent are ¶¶ 2, 6-9; 11; 22-99; 101-105 ("Offensive Paragraphs").  See Exhibit A hereto, which contains verbatim quotes of all the specific factual allegations against Mr. Lane in the FAC.

All the foregoing allegations are incorporated by reference in, and thus apparently are consciously directed at, Defendant/Counterclaimant Lane in the sole count in which he is named. Id., Count I, ¶ 106.  Yet, the only specific factual allegations concerning Mr. Lane's supposed misconduct remain that: he is a former officer in the St. Louis police department; who has filed a civil suit against Mr. Gardner; lived down the street from "Dowd" when they were both younger, made a campaign contribution to someone named Hammacher who was an opponent of Ms. Gardner's; is cooperating with the City Counselor's Office in a separate lawsuit (without describing the nature of that action); testified strangely in a deposition; and City Counselor Bush agreed with him in his taxpayer lawsuit against Ms. Gardner. FAC, ¶¶ 19, 100.  Nowhere does the Complaint identify where, when or how Mr. Lane has conspired with any other Defendant to violate 42 USC § 1985(2) or (3); Ex. A hereto.  Further, the Complaint never specifies any agreement to violate Ms. Gardner's rights that Mr. Lane supposedly made with any Co-Defendant.  See White v. U.S., 7921 F. Supp. 2d 156, 161-62 (D.D. D. C. 2001) (§ 1985 pleading is defective if it lacks specifics as to agreement among defendants to violate plaintiff's rights).[2]

These innocuous and threadbare allegations concerning Mr. Lane stand in stark contrast to the myriad wide-ranging and convoluted allegations concerning social problems in the St. Louis Metropolitan area and misdeeds committed by others who are nowhere alleged to have conspired with Mr. Lane.  Yet, Mr. Lane is, by Ms. Gardner's design of her improper pleading, caught up in a host of factual disputes that do not have the remotest connection to him.  The allegations in the Offensive Paragraphs prejudice Mr. Lane because they do not relate to the controversy that Ms. Gardner has alleged exists between Mr. Lane and her.  Stanbury v. IRS,

---

[2] The only allegation in the FAC as to an agreement by the Defendants is conclusory and therefore Count I of the Complaint is fatally flawed on that basis alone. White, supra, 791 F. Supp. 2d at 162.  Lane files herewith his Motion to Dismiss Count I of the FAC.

221 F. 3d 1059, 1063 (8th Cir. 2000) (motion to strike lies if allegations have no relation to controversy and cause significant prejudice to a party).

The Offensive Paragraphs are immaterial and impertinent to Ms. Gardner's sole claim against Mr. Lane because they consist of allegations that are irrelevant to this Court's resolution of that claim.  Kay v. Sunbeam Products, 2009 WL 1664624, * 1 (W.D. Mo. June 15, 2009). Ms. Gardner's complaint plainly violates Rules 8(d)(1) and 8(a).  Mr. Lane is prejudiced by those violations because he is forced to deal with factual assertions that are not relevant to her claim against him.  Accordingly, this Court should strike from Ms. Gardner's FAC the Offensive Paragraphs because they are immaterial and impertinent, prejudice Mr. Lane, and will frustrate this Court's orderly identification of the factual disputes that must be resolved in properly disposing of this case.  See generally Owens v. Central Bank, 2019 WL 58446, * 6 (W.D. Mo. November 11, 2019 (discussing complaint strewn with immaterial and impertinent allegations, and striking them to avoid unnecessary ligation of "spurious issues").

                **BICK & KISTNER, P.C.**

By:/s/ Elkin L. Kistner
    Elkin L. Kistner    #35287MO
    101 South Hanley Road, Suite 1280
    St. Louis, Missouri 63105
    Telephone:  (314) 571-6823
    Facsimile:  (314) 727-9071
    E-mail: elkinkis@bick-kistner.com
    *Co-Counsel for Defendant/Counterclaimant*
    *Charles A. Lane*

                                                 **PAUL MARTIN P.C.**

                                                 */s/ Paul Martin*
                                                 Paul Martin            #M34428
                                                 101 S. Hanley Road, Suite 1280
                                                 St. Louis, Missouri  63105
                                                 (314) 805-8800
                                                 (314) 727-9071 Fax
                                                 paul@paulmartinpc.com
                                                 *Co-Counsel for Defendant/Counterclaimant*
                                                 *Charles A. Lane*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 13th day of March, 2020, via electronic mail through the Court's electronic filing system to all counsel of record:

Thomas E. Kennedy, III
tkennedy@kennedyhuntlaw.com

Jonathan S. Abady
jabady@ecbalaw.com

Roy L. Austin, Jr.
raustin@hwglaw.com

*Attorneys for Plaintiff/Counterclaim Defendant Gardner*

                                                 /s/ Elkin L. Kistner